**In re SEELEY.**

No. 2308I.

District Court, W. D. New York.

July 24, 1936.

Ray F. Fowler, of Rochester, N. Y., for bankrupt.

Harry D. Goldman, of Rochester, N. Y., for trustee.

RIPPEY, District Judge.

This matter came on by way of a certificate to review the decision of the referee of Monroe county under which the attorney for the bankrupt was directed to return to the trustee various securities on payment to the attorney of the sum of $50.

This was a voluntary proceeding. The only asset scheduled, other than property claimed to be exempt, was a reversionary interest in 300 shares of common stock of Automatic Shut-off Company of Boston, 10 shares of DeWolf Furnace Corporation preferred, 220 shares of common stock of DeWolf Furnace Corporation, and one $20 bond of Associated Utilities Company. It is alleged in the petition that this stock had no market value and that it was turned over to the bankrupt's attorney for the sum of $50 as part of a $200 fee. The balance of the fee is stated to have been paid by the bankrupt in cash.

At an adjourned first meeting of creditors held on May 6, 1935, the record shows that the attorney for the trustee and the attorney for the bankrupt appeared and that the trustee tendered to the attorney for the bankrupt the sum of $50 and demanded a return of the stock, and that the attorney for the bankrupt declined to accept that sum or to return the stock on the ground that no proof had been offered that the stock was worth more than the sum of $50.

On May 31, 1935, the trustee filed a verified petition for review of the transfer of the securities aforesaid to the attorney for the bankrupt. In this petition the trustee set up the tender above referred to, conceded that $200 was a fair and reasonable fee for the services of the attorney for the bankrupt, and alleged that he had several offers greatly in excess of $50 for the securities in question. The order which was made on this petition recites that no written answer was filed by the attorney for the bankrupt, and that the referee heard oral argument at which the attorney for the bankrupt was represented, and that written memoranda of fact and law had been filed by the respective parties.

The authority cited for the proceeding is section 60d of the Bankruptcy Act (11 U.S.C.A. § 96(d). The section in question provides, among other things, that a transfer of property to an attorney for services to be rendered, after the transaction has been re-examined by the court on petition of the trustee or any creditor, shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate. The trustee admitted that $200 was the fair and reasonable value of the services to be rendered. It must be presumed that the referee found, after a re-examination of the transaction and a determination of the reasonableness of the fee claimed, that that sum was proper; that the securities were worth more than $50; that the tender of $50 had been made and that such sum, over and above the item of $150 in cash that had been paid to the attorney for the bankrupt, was all that he was entitled to receive; and that the excess, to wit, the stocks and bond, could not be retained by the attorney but must be returned to the estate.

The proceedings were informal. Formal appropriate findings should have been made. I do not see, however, how the attorney for the bankrupt can complain of any such informality or of the failure of the referee to formally take testimony upon a verified petition as to facts that were not only uncontested but conceded to be true. In re Falk et al. (C.C.A.) 30 F.(2d) 607. He filed no answer and raised no issue except the question of law on the petition as to whether he could be ordered to turn back the securities in the absence of affirmative and convincing evidence that the fees or property received were in excess of the reasonable value. The petition for review is based substantially on the

sole claim that no proof thereof was offered.

If evidence was necessary to support the referee's order, ample evidence was present to justify it. The allegations of the petition, in the absence of challenge in due form of the facts stated, seem to be sufficient for all purposes. In addition to that, it was stated by the attorney for the trustee upon the oral argument before this court, and conceded by the attorney for the bankrupt, that the referee had a written offer in his possession prior to the time he made his order to turn back the securities of $100 for the securities. The fact that the attorney for the bankrupt refused to accept $50 in cash and turn back the securities was some evidence that they were worth more than that sum. Findings of fact by the referee, supported by evidence on which the order was based, cannot be upset on appeal. In any event, the referee had full power over allowances and full equity power to thus summarily administer the estate.

The question certified must be answered in the affirmative, the petition for review dismissed, and the order of the referee affirmed. It is so ordered.